KLEINFELD, Senior Circuit Judge,
concurring in part and dissenting in part:
I respectfully dissent with regards to section 1, the briefcase search. I would affirm the dismissal of this section 1983 case.
The question before us is whether the police officers had qualified immunity for the briefcase search, not whether the fruits of the search should have been suppressed. The officers were entitled to qualified immunity because it. would not have been clear to a reasonable officer, given the law at the time, that the constitution prohibited the search of the briefcase.[1] The reason -why is that one of the apparent possessors consented to the search.
Two people occupied the motel room, Gary Willis and Kathleen Moye. Moye testified that she had put various drug paraphernalia into the briefcase, while Willis was not in the room. He had left because they had an argument. No testimony established whether the briefcase was open, closed, or locked when Moye put things into it. Moye testified that she locked the briefcase when Willis put his key in the motel room door. When the police came, she consented to a search of the briefcase, though Willis did not. These facts were sufficient so that a reasonable officer would think that one of two people with equal access to the briefcase had consented to the search.
The majority takes the mistaken view that under United States v. Impink,[2] a reasonable officer would have known that he could not constitutionally search the briefcase. Impink is not on point because there, a landlord, who was not even present, was treated as impliedly consenting to a search of her tenant’s rented house. Impink was a direct appeal of a criminal conviction, not a qualified immunity case. And we rejected the government’s argument not merely because the tenant had “superior control,” the factor the majority uses, but because a landlord ordinarily has no right at all to enter a tenant’s house and garage whenever she likes to poke around and expose it to others. “It is most unlikely that an informal agreement that the lessor could retrieve her property from the garage could be construed to permit *856 surreptitious entry into the garage at midnight.”[3] By contrast, Willis had left his briefcase with Moye, and she had put things into it in his absence, so her control was about as good as his at the time. The record does not appear to establish whether she had the combination or not.
It is inconsistent with the law, and unfair, to subject the police officers to damages because they acted on Moye’s consent without Willis’s consent. A reasonable officer in the circumstances would not infer that because a landlord cannot consent to entry into her tenant’s house, neither can a joint user of a briefcase consent to looking inside it. The analogy is too weak to overcome qualified immunity.

. Torres v. City of Madera, 648 F.3d 1119, 1123 (9th Cir. 2011).

. 728 F.2d 1228 (9th Cir. 1984).

. Id. at 1233.